**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | **CRIMINAL NO. W-13-CR-294-ADA** |
| § | |
| **BLAS SEGURA JR.** § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The Defendant was convicted of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court sentenced the Defendant to fifty-one (51) months imprisonment; three (3) years supervised release; and ordered to pay a $100.00 special assessment and $1,000.00 fine. The Defendant was released to supervision on September 5, 2023. On February 22, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of his supervision and

1

seeking a show-cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated Standard Condition Number 6, in that he failed to notify the probation officer at least ten days prior to any change in residence or employment, in that stopped showing up for work, resulting in the termination of his employment, and he moved out of his approved residence, without notifying the probation officer, either in advance or thereafter.
>
> **Violation Number 2:** The defendant violated Standard Condition Number 10, in that he failed to permit the probation officer to visit him at home or elsewhere, in that he changed residences and employment without notifying the probation officer, preventing the probation officer from visiting him. His whereabouts are currently unknown. Mr. Segura has absconded from supervision.
>
> **Violation Number 3:** The defendant violated Mandatory Condition Number 1, in that he committed a new crime, in that on February 12, 2024, he was arrested for Possession of Marijuana, a Class B Misdemeanor, in violation of Texas Health and Safety Code 481.121(b)(1); and Driving While License Invalid/Suspended With a Previous Conviction, a Class B Misdemeanor, in violation of Texas Transportation Code 521.457(f).
>
> **Violation Number 4:** The defendant violated Mandatory Condition Number 2, in that he unlawfully possessed a controlled substance, in that on February 12, 2024, he was found in possession of marijuana.

At the hearing, Defendant pleaded TRUE as to violation numbers 1 and 2, and NO CONTEST to violation numbers 3 and 4. The Government then presented evidence that would support a finding of TRUE and NO CONTEST, by a preponderance of the evidence, as to the violations.

## II. FINDINGS OF THE COURT

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea to the allegations.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The Defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The Defendant understood his statutory and constitutional rights and desired to waive them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's supervised release be revoked, and Defendant be sentenced to four (4) months in custody with credit for time served, with no term of supervised release to follow.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 6th day of March, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE